IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Lois Hartman, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 1:03-CV-113 |
| | ) | |
| v. | ) | |
| | ) | |
| Asset Acceptance Corp., | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

O R D E R

This matter is before the Court on Plaintiff's motion for sanctions pursuant to Rule 11(b) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's motion for sanctions is well-taken and **GRANTED.**   However, the sanction is limited to reprimanding defense counsel for violating Rule 11.

This was a Fair Debt Collections Act (FDCA) class-action suit in which Plaintiff Hartman alleged violations of the FDCA by Defendant Asset Acceptance Corporation.  The parties in this case agreed to a settlement and appeared before this Court for a final fairness hearing on October 31, 2006.  After the final fairness hearing, Plaintiff's counsel filed a lawsuit on behalf of the forty-one individuals who chose to opt-out of the proposed Hartman settlement.  See Mason v. Asset Acceptance, LLC, Case No. 1:06cv735.

On November 12, 2006, Defendant filed a motion to stay entry of final order in the Hartman case.  Motions to stay entry of final order may be issued at the discretion of the trial

court, but should only be granted when there is a logical justification for delaying final judgment. Securities Exchange Commission v. Investment Technology, Inc.., No. CV-S-03-0831-KJD-RJJ, 2004 U.S. Dist. WL 2812108, *2 (D.Nev. October 22, 2004) (litigant was sanctioned for filing a meritless motion to stay). Defendant gave reasons for filing the motion: the filing of the Mason suit undermined the proposed settlement in Hartman and presented a potential conflict of interest for Plaintiff's counsel. Doc. No. 76. Further, Defendant expressed the intent to move for consolidation of the Hartman and Mason actions, requesting that the Court stay entry of final order in Hartman pending a ruling on the motion for consolidation. Doc. No. 76.

Consolidation may be sought pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 42(a). When actions involve a "common question of law or fact," the court may hear those actions jointly in order to promote judicial efficiency, avoiding unnecessary cost and delay. Id. It is essential that the actions are "pending before the court" (or live controversies in the same jurisdiction) in order for consolidation to be considered. See Williams v. City of New York, No. 03 Civ. 5342(RWS), 2006 WL 399456, *1 (S.D.N.Y. February 21, 2006). Defendant cited the involvement of the same questions of law and fact, the promotion of judicial economy, and this Court's familiarity with the issues of the cases as reasons for consolidation. Doc. No. 78.

Plaintiff filed a memorandum in opposition to the motion to stay entry of final order and the motion to consolidate on November 16, 2006. Plaintiff asserted that, in violation of Local Rule 7.2(b), Defendant did not explain *how* the Mason suit would undermine the class action settlement or cause a potential conflict of interest. Doc. No. 77. Plaintiff further stated that delay of the Hartman settlement would burden class members who are charged interest on their credit

daily and that <u>Mason</u> could simply be reassigned to this Court's docket to promote judicial economy. Doc. No. 80. On December 12, 2006, Plaintiff filed a motion for sanctions against defense counsel pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, which was sent to Defendant twenty-one days prior. Plaintiff contended that Defendant made allegations without evidentiary support and did not withdraw motions after becoming aware that the pleadings were "not warranted by existing law or by a non-frivolous argument." Doc. No. 82. Plaintiff proposes that Defendant disgorge approximately $3,000 in interest lost by <u>Hartman</u> class members to the Ohio State Legal Services Association. Doc. No. 87.

Defendant abandoned the "undermining of the proposed settlement" and "conflict of interest" arguments and has instead maintained that the motion to stay entry of final order was made to preserve the ability to consolidate <u>Hartman</u> and <u>Mason</u> (by having two actions "pending before the court") and not to intentionally delay the proceedings. Doc. No. 86. On December 15, 2006, Defendant withdrew the motion to stay entry of final order. Doc. No. 83. On December 26, 2006, Defendant withdrew the motion to consolidate. Doc. No. 85. However, both motions were withdrawn after the twenty-one day "safe harbor" period had passed. <u>See Truesdell v. Southern California Permanente Medical Group</u>, 293 F.3d 1146, 1153-54 (9th Cir. 2002) (affirming sanctions imposed for failure to amend a complaint before the safe harbor period had passed). Defendant argues that, although it withdrew the motion, it was within the bounds of Rule 42 to seek consolidation and, therefore, did not violate Rule 11. Doc. No. 86.

Rule 11(b) of the Federal Rules of Civil Procedure states that representations to the Court may not be presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed.R.Civ.P. 11(b)(1). All legal contentions must be

3

warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  Fed.R.Civ.P. 11(b)(2).  Allegations must have evidentiary support or be likely to have evidentiary support after a reasonable opportunity for investigation.  Fed.R.Civ.P. 11(b)(3).  If any portion of Rule 11(b) is violated by a litigant, sanctions may be appropriate pursuant to Rule 11(c).  Fed.R.Civ.P. 11(c).  In determining the nature of a sanction, the Court will focus on deterring repetition of the conduct by the same individual and by others similarly situated.  Fed.R.Civ.P. 11(c)(2).  The 1993 Amendments served to clarify the meaning and breadth of Rule 11.  Fed.R.Civ.P. 11(b) Advisory Committee Notes (1993 Amendments).  According to these Amendments, Subdivision (b) of Rule 11 emphasizes a "duty of candor" by permitting sanctions for insisting upon a position after it is no longer a reasonable argument and by providing an opportunity for litigants to modify or withdraw contentions after a potential violation of the rule is brought to their attention.  Id.  If a litigant cannot obtain evidentiary support for a contention after a reasonable opportunity to do so, Subdivision (b) requires that the litigant simply cease to advocate that contention.  Id.  The 1993 Amendments also provide factors to consider in determining whether sanctions may be appropriate:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.  Fed.R.Civ.P. 11(b) Advisory Committee Notes (1993 Amendments).

Suggestions for possible sanctions include: striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educations programs; ordering

a fine payable to the court; and referring the matter to disciplinary authorities. Id. Sanctions may be nonmonetary or monetary in nature. However, direct payouts to the opposing party are discouraged and monetary sanctions, in general, are not emphasized. Ridder v. City of Springfield, 109 F.3d 288, 294 (6th Cir. 1997). Ultimately, the court has discretion in determining sanctions, "keeping in mind the purposes of Rule 11 and the policy of imposing the least severe sanction adequate to such purposes." Thomas v. Capital Sec. Services, Inc., 836 F.2d 866, 877-78 (5th Cir. 1988); Fed.R.Civ.P. 11(c) Advisory Committee Notes (1993 Amendments).

     Defendant in this case does not appear to have filed the motion to stay entry of final judgment and motion for consolidation in bad faith, as Plaintiff contends. However, Defendant's reasons for filing the motions are unsound. Although Defendant did not continue to advocate the argument that the Mason suit would undermine the Hartman settlement and that there was a potential conflict of interest in having the same representation for both suits, Defendant refused to withdraw its motion to stay entry of final judgment because it desired consolidation of the Hartman and Mason actions. Doc. No. 81. Had Defendant communicated effectively with Plaintiff, Defendant would have realized earlier that the transfer of Mason to this Court's docket was an adequate alternative to achieve his actual objective of having this Court preside over the Mason case and that both of Defendant's motions were unnecessary. Defendant did not conduct a reasonable inquiry into the law, as is required by Rule 11. See Fed.R.Civ.P. 11(b). Despite the fact that Defendant eventually withdrew its motions, this was not done prior to the conclusion of the twenty-one day safe harbor period, rendering Defendant sanctionable for maintaining non-meritorious claims. See Ridder, 109 F.3d at 294. Because monetary sanctions are generally discouraged (excepting the payment of fines to the court) and because the primary goal of

imposing sanctions is to achieve deterrence, a payment of approximately $3000 by Defendant to the Ohio State Legal Services Association is inappropriate. As indicated, it does not appear that counsel for the Defendant acted in bad faith. Rather, it appears to the Court that counsel in this instance is simply chargeable with bad practice and poor judgment rather than taking the appropriate course in requesting a transfer of the Mason case. Accordingly, the Court finds that counsel will be adequately deterred from future violations with a reprimand for committing this Rule 11 violation and an admonishment to proceed with appropriate due diligence in the future.

Accordingly, counsel for the Defendant is hereby reprimanded for committing this Rule 11 violation.

**SO ORDERED**


Date July 10, 2008               s/Sandra S. Beckwith
                                 Sandra S. Beckwith, Chief Judge
                                  United States District Court